# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CURTIS J. ALLEN, # 08501-003**                                               **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:12cv121-DCB-JMR**

**ARCHIE LONGLEY**                                                 **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Curtis J. Allen filed this Petition for Writ of Habeas Corpus under 28 U.S.C. 2241 [1]. He is presently at the Federal Corrections Complex in Yazoo City, Mississippi and attacks his sentence enhancement under the Armed Career Criminal Act. He argues he is actually innocent of being a career offender. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

On August 27, 2012, Petitioner filed the instant habeas petition challenging his sentence handed down from the Southern District of Alabama. He pled guilty in that court to Interstate transportation of firearms by a felon. That court sentenced him, on January 9, 2004, to 180 months in the custody of the Federal Bureau of Prisons, followed by five years of supervised release. *Allen v. United States*, No. 1:03cr97-CG-M (S.D. Ala. Jan. 9, 2004). His sentence was enhanced under the career criminal statute. The Eleventh Circuit affirmed his conviction on direct appeal. *United States v. Allen*, No. 1:03cr97-CG, 2009 U.S. Dist. LEXIS 25251 at *2 (S.D. Ala. Mar. 26, 2009) ("*Allen II*"). The Supreme Court denied certiorari on February 28, 2005. *Id.* at *2-3. Petitioner then filed two habeas petitions under 28 U.S.C. 2255. *Allen v.*

*United States*, No. 1:12cv8-CG-M, 2012 U.S. Dist. LEXIS 73734 at *1-2 (S.D. Ala. Apr. 6, 2012) ("*Allen III*"). The first challenged his career criminal enhancement. *Allen II*, No. 1:03cr97-CG, 2009 U.S. Dist. LEXIS 25251 at *1. He argued that aggravated assault with a deadly weapon and battery of a law enforcement officer were not violent offenses, but the challenges were denied. *Id.* at *1-2. The second habeas action was dismissed as a successive writ. *Allen III*, No. 1:12cv8-CG-M, 2012 U.S. Dist. LEXIS 73734 at *3.

Petitioner now brings this action under Section 2241 and argues he is actually innocent of being a career criminal under the Armed Career Criminal Act. Now, he classifies his previous convictions as carrying a concealed weapon and simple assault. He argues these did not qualify as violent offenses.

**DISCUSSION**

Petitioner claims he was improperly sentenced as a career criminal because his prior concealed weapon and simple assault convictions did not constitute violent offenses. He relies on *Begay v. United States*, 553 U.S. 137 (2008), *Archer v. United States*, 553 U.S. 1002 (2008), *Beltran v. United States*, 131 S. Ct. 899 (2011), and *Johnson v. United States*, 130 S. Ct. 1265 (2010). All were decided after his conviction was affirmed.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to 28 U.S.C. 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir.

1990). Petitioner's claim that he was improperly sentenced as a career offender does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since the alleged constitutional violation regarding his career offender classification "occurred at or prior to sentencing," it is not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit held:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner contends he meets the requirements to proceed under the savings clause based on his actual innocence of being a career offender. The Fifth Circuit has consistently disallowed such claims under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). A "claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230. Since Petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action

3

for habeas corpus relief pursuant to Section 2241.

Accordingly, Petitioner's claims are not properly pursued under Section 2241, and the Petition for habeas relief shall be dismissed as frivolous. Further, to the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby **DISMISSED WITH PREJUDICE** regarding the jurisdictional issue only and **DISMISSED WITHOUT PREJUDICE** in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 12th day of September, 2012.

s/David Bramlette
UNITED STATES DISTRICT JUDGE